HENRY ENO, Appellant, v. THOMAS CARLSON, Respondent.

No. 1399; October 21, 1867.

Judges—Payment of Salaries.—The Words "as in Other Cases," occurring in the act of February 27, 1865 (Stats. 1865, p. 123), directing the county treasurers of Alpine county to pay the warrants issued to the county judges for their salaries and by the judges presented to such treasurers for payment, justify the payment of such warrants with other warrants according to the order in which all are registered.

Judges—Payment of Salaries.—The Fifteenth Section of the Constitution requiring the salaries of county judges to be paid "at stated times" does not execute itself, but is directory to the legislature merely; and the legislature in carrying out such direction passed the act of February 27, 1865, making the salary of the county judge of Alpine county payable monthly by warrant from the auditor, which warrant the treasurer is to honor on presentment the same "as in other cases."

APPEAL from Sixteenth Judicial District, Alpine County.

C. Burback for appellant; McCullough for respondent.

SHAFTER, J.—This is an appeal from the judgment of the district court, denying to the appellant, the county judge of Alpine county, a writ of mandate to compel the defendant, the county treasurer of said county, to pay him his salary.

The ground of the treasurer's refusal was, that at the time of the presentation of the warrant by the appellant for his salary, there was no money in the treasury, not otherwise appropriated, for its payment. All the moneys in the treasury were applicable to the payment of other warrants which had been properly presented and refused payment for want of funds and registered in their order prior to the presentation of the warrant of the appellant. Some of those warrants presented and duly registered prior to that of the appellant were for the salary of a former county judge—a debt of the same character and at least of equal dignity with that of the appellant.

It is provided by the act of February 27, 1865 (Stats. 1865, p. 123), that the salary of the county judge of the county of

Alpine shall be paid monthly; and the auditor is directed to draw his warrant on the treasurer therefor on the last day of each month, and the treasurer is directed to pay the same, "as in other cases." In other cases, warrants are to be paid in the order of registration, and they are to be registered by the treasurer in the order in which they are presented. From this it is apparent that the treasurer, in refusing to pay the appellant's warrant, acted in conformity to the statute.

But it is urged that the direction to the treasurer, to pay the warrants of the county judge, "the same as in other cases," is null and void for the reason that it is contrary to the fifteenth section of the sixth article of the constitution, requiring the salaries of county judges to be paid at "stated times." The point is not well taken. This provision of the constitution does not execute itself. It is directory to the legislature merely. Certain it is that it lays down no rule for the guidance of the disbursing officers of the government; therefore there can be no such conflict between the statute and the constitution as would justify the defendant in attempting to reason out his duties from the constitution, instead of accepting them as the legislature has seen fit to define them. The office of county treasurer is created by the statute, and all its duties and methods are of like origin. The relations of county treasurers are, in short, with the statutes under which they hold, and if the legislature has not as yet fulfilled the constitution in the matter of the payment of judicial salaries, it is a delinquency for which there can be neither redress nor correction under our system, except by refusal to accept judicial appointments, or resigning them when they may have been accepted, or by appeal to the people.

Judgment affirmed.

We concur: Sanderson, J.; Rhodes, J.; Currey, C. J.; Sawyer, J.